# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11317
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SERGIO EDUARDO RAMIREZ GARCIA, also known as Checko,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-369-3

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Sergio Eduardo Ramirez Garcia challenges his sentence of, *inter alia*, 294 months' imprisonment and five years' supervised release, imposed after his guilty-plea conviction for possession, with the intent to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). He claims: he should have been granted a mitigating-role adjustment, pursuant to Sentencing Guideline § 3B1.2; his base level was erroneously increased for

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

importation, pursuant to Guideline § 2D1.1(b)(5); and his sentence was substantively unreasonable.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Garcia objected in district court to the denial of a mitigating-role reduction and the imposition of the importation enhancement, which are both factual determinations. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016) (citation omitted) (mitigating-role reduction); *see United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (importation enhancement). He did not object, however, to the sentence's substantive reasonableness.

Garcia claims the court should have granted him a mitigating-role adjustment because his role was limited. As support, he asserts: his fingerprints were not found at a methamphetamine-conversion lab at his co-defendant's house; and he was seen there only once during its surveillance. Guideline § 3B1.2 permits such a reduction if defendant was a "minor" or "minimal participant in any criminal activity", based on the "totality of the circumstances". U.S.S.G. § 3B1.2 cmt. n. 3.

When pleading guilty, however, Garcia admitted his having removed methamphetamine from a truck and delivered it for processing. He also told a

confidential informant, who was recording the conversation, that he knew the conversion lab's location, knew the truck contained a large quantity of methamphetamine, and wanted to flee to Mexico to evade prosecution. Numerous entries in a drug ledger found at the conversion lab referenced a nickname for him.  Although he claims no evidence supported the district court's finding the nickname in the ledgers was his, the court "is permitted to draw reasonable inferences from the facts".  *United States v. Muniz*, 803 F.3d 709, 712 (5th Cir. 2015) (internal punctuation and citation omitted).  Given his established connection to the co-defendant, to whom he is related and at whose house the ledgers were found, the court did not clearly err by finding the ledgers referred to Garcia.  An investigating agent also testified the ledgers corroborated Garcia's distribution of methamphetamine.  It is therefore "plausible in [the] light of the record as a whole" that he understood the scope of the criminal activity and participated more than minimally.  *See Torres-Hernandez*, 843 F.3d at 207 (citation omitted).

Although Garcia claims he was ineligible for the two-base-offense-level increase for importation, pursuant to Guideline § 2D1.1(b)(5), he concedes this claim rises or falls with the above issue because he does not contest the methamphetamine was imported.  As the court's denial of the mitigating-role reduction was not clearly erroneous, he was eligible for the importation enhancement.  *See* U.S.S.G. § 2D1.1(b)(5).

Regarding Garcia's claim his sentence was substantively unreasonable, and as noted, he did not raise this issue in district court.  Therefore, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he

No. 18-11317

makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Garcia's Guidelines sentencing range was 262 to 327 months.  His within-range 294-months' sentence is presumptively reasonable.  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted).  Outside the limitations imposed by the plain-error review applicable in this instance, this presumption can be rebutted only by demonstrating that defendant's "sentence does not account for a [18 U.S.C. § 3553(a)] factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors".  *United States v. Martinez*, 921 F.3d 452, 483 (5th Cir. 2019) (internal quotation marks and citation omitted).

Comparing his sentence to his co-defendants', Garcia notes his is more-than-double one co-defendant's 121-months' sentence and significantly higher than the other's 168-months' sentence.  *See* 18 U.S.C. § 3553(a)(6) (requiring court to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct").  Unlike Garcia, however, who has a prior drug-trafficking-conspiracy conviction, neither co-defendant has a criminal history.  Also unlike Garcia, both entered written plea agreements, promised to cooperate with the Government, and pleaded guilty to a different offense.  He has, therefore, not shown he was similarly situated, as required by § 3553(a)(6), and consequently cannot show the requisite plain (clear or obvious) error.  *See, e.g., Cisneros-Gutierrez*, 517 F.3d at 767 (rejecting substantive unreasonableness claim where defendants not similarly situated).

AFFIRMED.